Filed 3/18/21 P. v. Lopezvelasquez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JUAN GABRIEL LOPEZVELASQUEZ,<br><br>　　Defendant and Appellant. | H047007<br>(Santa Clara County<br>Super. Ct. No. C1808935) |

Defendant Juan Gabriel Lopezvelasquez pleaded no contest to taking or unauthorized use of a vehicle and admitted he had suffered a prior felony conviction for the same offense.  The trial court sentenced him to two years in county jail and ordered him to pay victim restitution.

On appeal, Lopezvelasquez challenges a portion of the victim restitution order. He contends the award of restitution for tools that were in the vehicle was improper because the loss was unrelated to his criminal offense.  For the reasons stated below, we find no error, and will affirm the restitution award.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Facts of the Case* [1]

In December 2018, an officer stopped Lopezvelasquez while he was driving the victim's pickup truck.  After the truck was returned, the victim noticed that his tools were missing, the truck had been painted, and it needed a new ignition and starter.

---

[1] The facts are taken from the probation report.

### B. Procedural Background

The prosecution charged Lopezvelasquez by complaint with one count of taking or unauthorized use of a vehicle. (Veh. Code, § 10851.) The complaint alleged Lopezvelasquez "did drive and take" the victim's 1996 Dodge pickup truck with the intent to temporarily deprive the owner of title and possession of the vehicle. The complaint further alleged Lopezvelasquez had previously been convicted of a felony violation of Vehicle Code section 10851. (Pen. Code, § 666.5.)[2]

Lopezvelasquez pleaded no contest to the offense and admitted the prior conviction. He also admitted violating the conditions of his probation in two separate cases. When he entered his plea, Lopezvelasquez initialed a section of the change of plea form acknowledging that he understood the court would order him to pay "full restitution to any victim(s)."

The trial court sentenced Lopezvelasquez to the low term of two years in county jail. The court ordered a total of $9,000 in victim restitution. At sentencing, the court reinstated and terminated probation in the two separate cases.

### C. The Restitution Order

The victim submitted a statement of loss for $9000. It included $2,500 for the value of the victim's truck. The victim's statement of loss also included tools worth $6,500. The victim informed the probation officer that he was a roofing contractor and that "none of his tools were in the vehicle when he got it back." The tools and work equipment included roof jacks, ladder jacks, nail guns, super anchor safeties, and ladders.

At sentencing, the trial court issued a general order of victim restitution including but not limited to $9,000. Defense counsel objected, stating that the victim's truck had been stolen a month before Lopezvelasquez was found in possession of it. Defense

---

[2] All subsequent statutory references are to the Penal Code unless otherwise specified.

2

counsel stated "I don't think, based on a plea to an 10851, [he] can then be responsible for what was in the truck approximately 30 days before. So I don't believe there's a sufficient nexus to order that amount of restitution for the items that were in the truck."

After the trial court inquired whether the basis for the offense was the taking or the driving of the truck, the prosecution responded "[i]t's taking, the unauthorized use. Both terms are used in the [c]omplaint as is standard." The court stated "[t]hen he pled to taking the truck. I'm going to order the restitution."

Defense counsel replied that she wanted her objection noted on the record. She stated, "I don't believe, given the span of time that elapses from the unfortunate loss of this truck to [Lopezvelasquez] being in possession of it whether temporarily or not, that there is a sufficient nexus for those items."

The court stated that "[i]f there were an issue as to whether it was taking or just driving the truck, being in possession of it, that should have been clarified before he pled. Since he pled to taking the truck, I'm going to order the restitution. And the law does permit an owner of property to give a good-faith estimate of the value of that property so I'm going to give the total restitution of $9,000." Subsequently, the court issued a written order for the same amount of victim restitution. This timely appealed followed.

## II. DISCUSSION

Lopezvelasquez contends he trial court improperly awarded victim restitution for the value of victim's tools because the loss was unrelated to his criminal offense. He argues he was not charged with theft of the truck and did not plead to that offense, and hence that he cannot be ordered to pay restitution for the theft of the tools in the truck. The Attorney General argues the loss of the tools can be attributed to Lopezvelasquez's conduct because the stolen tools could have been recovered if he had taken immediate steps to return the vehicle to its rightful owner.

3

## A.  *Legal Principles*

When a defendant is sentenced to jail under subdivision (h) of section 1170, restitution is governed by section 1202.4.  (*People v. Rahbari* (2014) 232 Cal.App.4th 185, 196; see also *People v. Martinez* (2017) 2 Cal.5th 1093, 1097 (*Martinez*); *People v. Lai* (2006) 138 Cal.App.4th 1227, 1249.)  Section 1202.4 provides, in relevant part, "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."  (§ 1202.4, subd. (f).)  "Courts have interpreted section 1202.4 as limiting restitution awards to those losses arising out of the criminal activity that formed the basis of the conviction."  (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049.)  Economic losses include the value of stolen or damaged property.  (§ 1202.4, subd. (f)(3)(A).)

"A victim's restitution right is to be broadly and liberally construed."  (*People v. Mearns* (2002) 97 Cal.App.4th 493, 500.)  At a victim restitution hearing, the standard of proof is by a preponderance of the evidence.  (*People v. Baker* (2005) 126 Cal.App.4th 463, 469.)  "If the circumstances reasonably justify the [trial court's] findings, the judgment may not be overturned when the circumstances might also reasonably support a contrary finding."  (*Ibid.*; *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1541.)

We review a victim restitution award for abuse of discretion.  (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)  "When considering a trial court's restitution determination, we consider whether it is arbitrary, capricious, or beyond the bounds of reason under all the circumstances."  (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1275.)  " ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' [Citations.]"  (*In re Johnny M., supra*, at p. 1132.)

4

### B. The Trial Court Properly Ordered Victim Restitution for the Loss of the Tools

Lopezvelasquez does not challenge the trial court's award of victim restitution for the value of the truck. Rather, he contends the trial court improperly ordered him to pay victim restitution for the tools that were in the truck. He argues the economic loss was unrelated to his criminal offense.

Determining whether an award of victim restitution is proper "depends on the relationship between the victim's loss and the defendant's crime." (*Martinez, supra*, 2 Cal.5th at p. 1098.) "When the court sentences an adult to custody (either in prison or jail), the court may only impose restitution for economic losses incurred 'as a result of' the defendant's criminal conduct." (*In re S.O.* (2018) 24 Cal.App.5th 1094, 1101 (*S.O.*).) In other words, "restitution may be imposed in such cases only to the extent the defendant's criminal conduct played a 'substantial factor' in causing the victim's economic loss." (*Ibid.*; *People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321-1322 (*Holmberg*).) "To be a substantial factor, the defendant's criminal conduct must be more than a 'trivial or remote' factor contributing to the victim's loss, but it need not be the 'sole' cause of the loss." (*S.O., supra*, at p. 1101; *People v. Sanchez* (2001) 26 Cal.4th 834, 845.)

Here, Lopezvelasquez pleaded no contest to "taking or unauthorized use of a vehicle with the intent to temporarily deprive the owner of possession" in violation of Vehicle Code section 10851. The trial court found the conviction was not just for unauthorized use, but also the actual taking of the vehicle. According to the victim, "none of his tools were in the vehicle when he got it back." There is nothing in the record that would suggest the tools were missing from the victim's vehicle at the time of the offense. (*People v. Vournazos* (1988) 198 Cal.App.3d 948, 955 ["It is . . . a reasonable inference that the items of personal property, for the loss of which restitution was ordered, were in the briefcase which in turn was in the car. Those items were lost as a result of defendant's unlawful taking and/or driving the [vehicle]"]; *In re S.S.* (1995) 37

5

Cal.App.4th 543, 548 ["the trial court was entitled to infer that the 'martial arts weapons and spears' referred to by the victim were in the car when appellant stole it."].)

Lopezvelasquez asserts he was not responsible for the original taking of the vehicle, but nothing in the record establishes that fact. At sentencing, defense counsel stated the theft of the truck occurred a month before Lopezvelasquez was found in possession of it. Based on that assertion, counsel argued that Lopezvelasquez could not be held responsible for what was in the truck at the time it was taken. Lopezvelasquez, however, did not stipulate to a particular document as supplying the factual basis for his plea. Furthermore, there is nothing in the record that shows *when* the original taking of the vehicle occurred. Unsworn statements of counsel are not evidence. (*People v. Superior Court* (*Crook*) (1978) 83 Cal.App.3d 335, 341; *In re Heather H.* (1988) 200 Cal.App.3d 91, 95.)

Even assuming Lopezvelasquez was not responsible for the original taking of the vehicle, he contributed to the loss of the tools by temporarily depriving the owner of its possession. As the Attorney General points out, if the truck had been returned to its owner immediately, the loss of the tools would have been discovered immediately, and the owner would have had a better chance of recovering them. There was therefore a rational basis for attributing the loss of the tools to Lopezvelasquez's conduct. Whether the taking or unauthorized use of the truck legally constituted "theft" is irrelevant.

Lopezvelasquez also relies on the Fourth District Court of Appeal's opinion in *People v. Scroggins* (1987) 191 Cal.App.3d 502 (*Scroggins*), and this court's decision in *Holmberg*, *supra*, 195 Cal.App.4th at page 1310. In *Scroggins*, the defendant was convicted of receiving stolen property and ordered to pay restitution for the stolen items, which had been taken in an earlier burglary. The *Scroggins* court reversed the restitution order because the defendant " 'was never charged with or found criminally responsible for the burglaries.' [Citation.]" (*Holmberg*, at p. 1323.) In *Holmberg*, the defendant was also convicted of receiving stolen property and not burglary. There, in contrast to

6

*Scroggins*, the court held, "the evidence here supports the conclusion that defendant's conduct was a concurrent cause of the victims' losses and a substantial factor in depriving them of the use of their property." (*Id.* at p. 1322.) Key to this determination was evidence that the defendant had received the stolen property on the day it was stolen. (*Ibid.*) The *Holmberg* court concluded, "Had he contacted law enforcement about the items when he received them, [the victim] would not have had to replace them or incur a one week loss of business and productivity. [The] [d]efendant's conduct played far more than a negligible or theoretical part in bringing about the victims' injuries and was a substantial factor in causing the harm they suffered." (*Ibid.*)

Lopezvelasquez's reliance on these cases is misplaced. Here, as discussed, Lopezvelasquez was convicted of both taking *and* unauthorized use of the victim's pickup truck in violation of Vehicle Code section 10851. Unlike a conviction for receiving stolen property, the conviction here was based on Lopezvelasquez's admission of guilt for taking and unauthorized use under Vehicle Code section 10851, which encompassed both the unauthorized possession and the taking of the subject property without the consent of the owner.

Because Lopezvelasquez admitted to taking the vehicle, it was reasonable for the trial court to hold Lopezvelasquez responsible for the loss of the tools. But even if Lopezvelasquez had been convicted solely of unauthorized use of the vehicle, we conclude the loss of the tools could rationally be attributed to his conduct. Under these circumstances, the court's order of victim restitution was not arbitrary, capricious, or beyond the bounds of reason. (*Woods, supra*, 161 Cal.App.4th at p. 1049; *People v. Hove* (1999) 76 Cal.App.4th 1266, 1275.) The trial court did not abuse its discretion.

### III. DISPOSITION

The judgment is affirmed.

_____
Greenwood, P.J.


WE CONCUR:




_____
 Grover, J.




_____
 Danner, J.




People v. Lopezvelasquez
No. H047007